**SLAGLE, et, Plaintiffs-Appellees, v. EAST LIVERPOOL, (City) et, Defendants-Appellants.**

Ohio Appeals, Seventh District, Columbiana County.

No. 661.   Decided June 7, 1948.

Louis Tobin, East Liverpool, for plaintiffs-appellees.
John B. McDonald, Jr., East Liverpool, for defendants-appellants.

## OPINION

By PHILLIPS, J.

Plaintiffs, husband and wife, alleged in their petition filed in the court of common pleas, and the evidence submitted in the trial of the case from the judgment entered in which defendant, a municipal corporation, appeals to us on questions of law, disclosed that on August 29, 1941, they purchased on land contract, and at the time of trial in the court of common pleas were paying for, real estate situated on Harker Avenue in the City of East Liverpool, Columbiana County, Ohio, through which there extended an open natural water course, known as East End Run, which led from the hills situated above East Liverpool to the Ohio River; that in accordance with a resolution passed by the council of defendant city on October 20, 1941, determining "that it was necessary to proceed with the East End Run improvement from Beleck Street northeastwardly a distance of 1900 feet to the corporation line, which included the portion thereof extending through plaintiffs' land, by grading, relocating and enclosing the same with concrete pipe or box culvert", the council thereof passed an ordinance on November 6, 1941, to relocate and make such water course part of its sewer system enclosed in concrete pipe and properly culverted; that in the summer of 1941, and without plaintiffs' permission, defendant city dredged and deepened that part of East End Run extending through their land, as the result of which its course was changed and a strip of plaintiffs' land 14 x 60 feet was washed away by

it and a wall situated thereon, which it would cost $198.67 to replace, was destroyed; that notwithstanding their repeated requests made to defendant city to clean such portion of East End Run, in which there was "everything in that run but money", it failed, neglected and refused to do so; and that at the time their action was commenced in the court of common pleas debris, rubbish, garbage, offal, filth and human wastage from septic tanks which emptied into such Run, and which emitted offensive odors in the hot weather, had accumulated therein obstructing the free flow of water in such run, causing water therein to become stagnant.

The minutes of the Board of Health of defendant city dated June 25, 1946, reveal that at that meeting an attorney "appeared before the Board in behalf of residents of the East End District who complained relative to the unsanitary conditions created by the East End Run"; that "he presented a petition signed by approximately 275 persons asking for relief from such conditions which it was declared were a menace to public health"; and that it was moved and seconded that "East End Run be declared to be a public nuisance and a menace to public health, and that a communication be addressed to council demanding that steps be taken to remedy the situation within the next thirty days", which was carried unanimously; that such information was furnished council of defendant city two days later when they were requested to take steps "within the next thirty days looking toward the elimination of this complaint", but which they never did.

In response to the request of defendant city "to file separate finding of fact and law" the trial judge found the course of East End Run to be substantially as set forth herein, and to be "very close to the buildings" and "that the people do put all manner of things in the Run"; that "the East End Run was and is a nuisance; that the plaintiffs' property has been damaged to some extent by the action of the city in dredging said run; that the East End Run is not part of the city's sewage system, despite legislation to improve the same"; and "ordered and adjudged that the Defendant, The City of East Liverpool by and through its duly elected officials, shall abate said nuisance by enclosing said East End Run within a period of two years from the date of this order, and that the plaintiffs, Ernest Slagle and Blanche Slagle recover from the Defendant, the City of East Liverpool, the sum of Two Hundred Dollars ($200.00) as their damages in the matter".

Without detailing our reasons for the conclusions stated in this paragraph, or referring to the evidence further, as the result of reading the bill of exceptions submitted for

review carefully, we conclude that the trial judge did not err "in finding that there was" no "evidence of liability on the part of the City which caused damage to the property of the Slagles", as urged by defendant city in its first assigned ground of error, nor in entering judgment for plaintiffs in the amount of $200.00 and judgment upon his findings set forth herein except as stated herein.

In its second assigned ground of error defendant city contends "that the court erred in that in ordering the nuisance abated it went further and ordered the City to abate the nuisance in a certain manner, to-wit: by covering the East End Run".

We construe defendant's second assigned ground of error and the argument of its counsel made by brief in support thereof as admitting that even if the trial judge had power to abate as a nuisance East End Run as the result of the condition in which it existed at time plaintiffs sued defendant and the case was tried in the court of common pleas, the existence of which nuisance and the power of the trial judge to abate we do not doubt, that he could not specify the manner in which such Run should be abated, with which latter contention we agree.

Judging by the inability of defendant city over a period of thirty-seven years to keep such Run free of the foreign matter to which reference is made herein and the evidence, especially the answer of one of its sanitary inspectors to the question "Would they clean it up?" "Oh scratch over it, next time you were back it was as bad as ever", I am of opinion that the trial judge rightly concluded that East End Run could not be kept open and free from nuisance except by enclosing it; and that the only way to absolutely safeguard the health of the public was by ordering it enclosed, nevertheless in our opinion he had no authority to specify the manner in which defendant should abate such nuisance, and we believe could make no order further than to order such nuisance abated and leave the manner of abating it to the discretion of defendant city.

The judgment of the court of common pleas is modified as set forth herein and as modified is affirmed.

CARTER, PJ, NICHOLS, J, concur in judgment.